**Opinion issued August 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-24-00177-CV

————————————————

**BRITTANY LYNCH, Appellant**

**V.**

**YUN ATKINSON, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 23-CCV-073744**

---

### MEMORANDUM OPINION

Appellant Brittany Lynch filed a notice of appeal on February 29, 2024, asserting that she was appealing from a judgment signed on February 20, 2024. We dismiss.

The clerk's record was filed on March 13, 2024 and it contained no judgment signed on February 20, 2024. The clerk's record did contain an order of dismissal, signed on October 17, 2023, dismissing for want of prosecution the Justice Court case filed by Lynch.

Lynch filed a notice of appeal that did not specify to which court she was appealing, but the form she used concerned appeals to the courts of appeals, rather than to the county court at law. A court of appeals does not have jurisdiction over a judgment from a justice court. A court of appeals is given by statute appellate jurisdiction only over "civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs." TEX. GOV'T CODE § 22.220(a). "Consequently, a justice court judgment cannot be appealed directly to the court of appeals." *Whisenhunt v. Hill*, No. 02-12-00310-CV, 2012 WL 3733868, at *1 (Tex. App.—Fort Worth Aug. 30, 2012, no pet.) (mem. op.) ("Appeals from justice courts generally lie either in the county or the district court.").

On August 6, 2024, the Court issued a notice that the appeal might be dismissed for lack of jurisdiction and requested a response by August 16, 2024. No response was filed. On August 15, 2024, the Court requested a supplemental clerk's record containing any final judgment from the County Court at Law No. 2. On

August 27, 2024, the Harris County Clerk advised this Court that no such document exists.

Accordingly, we dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.